### C. F. ASPEGREN v. JOHN KOTAS, Appellant.

**Injury to Trespassing Animals.** A person is liable for setting dogs upon colts and driving them into a barbed wire fence in his pasture, without any precaution to prevent their being injured, though the colts were trespassers in said pasture.

*Appeal from Carroll District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

SATURDAY, MAY 26, 1894.

ACTION at law to recover damages alleged to have been caused by the defendant in setting dogs upon colts owned by the plaintiff. There was a trial by jury, and a verdict and judgment for plaintiff. The defendant appeals.—*Affirmed.*

*Geo. W. Bowen* for appellant.

*F. M. Powers* for appellee.

ROBINSON, J.—The petition alleges that in May, 1892, the defendant willfully, and maliciously set dogs upon, and drove and caused to be driven against a barbed wire fence, in Carroll county, two colts owned by the plaintiff, and that in consequence of the wrongful acts of the plaintiff one of the colts died, and the other was permanently injured. The jury found for plaintiff in the sum of one hundred dollars, and the judgment rendered was for that amount and costs.

I. The appellant complains of the sustaining of a motion to strike the third and fourth divisions of his

answer. The questions discussed in connection with that ruling are not presented by the assignment of errors, and we need not set them out. It is proper to say, however, that no defense was alleged in either of the divisions stricken out. The matter they contained was largely in the nature of a statement of evidence, and would have added nothing to the legal effect of the answer.

II. The second assignment of errors refers to rulings of the court in admitting and rejecting evidence. It is not sufficiently explicit as an assignment of error, and the rulings objected to are mentioned, but not discussed, in the argument of appellant. For these reasons, there is nothing presented by this assignment of error to demand further attention.

III. The remaining assignments of error are presented together. It is at least doubtful if any one of them is sufficiently specific to present any question for our determination. The third one alleges that the court erred in not sustaining the motion of defendant, made at the close of the testimony of plaintiff, for a verdict. The appellant has not discussed that assignment specially, but argues that the evidence was not sufficient to sustain the verdict. There was evidence which authorized the jury to find that the colts were injured, as alleged in the petition, by being chased into a barbed wire fence, and that they were so chased by dogs owned by the defendant, and that he willfully set them on the colts, without taking any precaution to prevent the injury which resulted. It is true the colts were in a field of the defendant, but that fact did not give him a right to cause them to receive unnecessary injury. The jury might well have returned a verdict for a larger sum than one hundred dollars, but their failure to do so furnishes the defendant with no ground for complaint. We discover no reason for disturbing the judgment of the district court, and it is AFFIRMED.